IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.181.120.247,<br><br>Defendant. | Case No. 21-cv-08808-CRB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

On November 12, 2021, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed a complaint against a defendant identified by the IP address 69.181.120.247 ("Defendant"), for copyright infringement. See Compl. (dkt. 1). On November 23, 2021, Strike 3 filed an ex parte application for leave to serve a third-party subpoena on Defendant's internet service provider to identify the subscriber associated with the IP address, and on December 1, 2021, that application was granted. See dkts. 7–8. On March 14, 2022, Strike 3 filed an amended complaint identifying Defendant, along with a motion to file identifying information about Defendant under seal, which the Court granted. See dkts. 12–14. The under-seal version of the amended complaint contains Defendant's name as well as their address and additional information about them. See dkt. 15. After serving the summons and complaint and securing an entry of default against Defendant, Strike 3 now moves for default judgment. See dkt. 18, 27–28. Defendant has not appeared or responded.

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court DENIES Strike 3's motion for default judgment, without prejudice to Strike 3's

ability to seek default judgment based on a more complete evidentiary record tying Defendant to the acts of infringement alleged in the amended complaint.

## I. BACKGROUND

In the complaint in this case, Strike 3 alleges that Defendant used BitTorrent—a system designed to quickly distribute large files over the internet—to download, copy, and distribute 35 digital media files (the "works") that are similar or substantially similar to copyrighted works owned by Strike 3, thereby infringing Strike 3's copyright. See Am. Compl. (dkt. 12) ¶¶ 4, 34–35, 43. Through its infringement detection system, VXN Scan, Strike 3 identified the IP address of the person downloading and distributing the works as IP address 69.181.120.247. Id. ¶¶ 27–33.

Strike 3 then sought, and the Court granted, leave to serve a subpoena on Defendant's internet service provider to obtain the identity of the subscriber associated with the IP address. See dkts. 7–8. Pursuant to the subpoena, the ISP disclosed the subscriber's identity to Strike 3. See Am. Compl. ¶¶ 5. Strike 3 indicates that the Defendant named in the sealed amended complaint in this case is the infringer. Id. ¶ 6. In its declaration in support of its motion for default judgment, Strike 3 states that it determined that the subscriber was the infringer through "a detailed investigation of the ISP's response" to the subpoena, by "scour[ing] the publicly available social media of the subscriber as well as others whom Plaintiff determined resided with the subscriber and likely had access to the IP address." Bandlow Decl. (dkt. 28-2) ¶ 4. Strike 3 relied on "publicly-available information concerning Defendant's occupation, interests and professional experience," and "other files that Plaintiff's infringement detections system" recovered from Defendant's IP address to verify that the subscriber, Defendant, was the infringer. Id. ¶ 5.

[redacted]

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Strike 3 served Defendant with the amended complaint on April 25, 2022, giving them until May 16, 2022 to respond. See dkt. 18; Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not respond, and on September 27, 2022, Strike 3 requested an entry of default against Defendant, which was granted by the Clerk of Court. See dkts. 24, 27. On November 17, 2022, Strike 3 filed the instant motion for default judgment against Defendant. See dkt. 28. As of the date of this Order, Defendant has not responded to the motion for default judgment.

## II.   LEGAL STANDARD

"[E]ntry of a default judgment is within the discretion of the court." Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

A court deciding a motion for default judgment has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties," In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999), including whether notice was adequately given, see Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987), superseded by statute on other grounds, Fed. R. Civ. P. 55(a). In determining whether to enter default judgment, the Court examines the "Eitel factors":

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

3

### III. DISCUSSION

The Court addresses the issues in the following order: (1) adequacy of service of process; (2) jurisdiction; and (3) the second and third Eitel factors.

#### A. Service of Process

"In deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." Folkmanis, Inc. v. Uptown Toys LLC, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sept. 13, 2018) (internal quotation marks and citation omitted). Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, an individual defendant may be served by "delivering a copy of the summons and complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Strike 3 had previously applied for two extensions of time to effectuate service, both of which were granted, allowing Strike 3 until May 31, 2022 to serve Defendant. See dkts. 11, 17. Strike 3 filed a proof of service attesting that the Defendant was served at their residence on April 25, 2022. See dkt. 18.

Thus, the Court concludes that service was proper.

#### B. Jurisdiction

Where, as here, a plaintiff seeks entry of default judgment against a party who has failed to plead or otherwise defend, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d at 712. The Court has subject matter jurisdiction over this matter because it is brought under the federal Copyright Act. See 28 U.S.C. §§ 1331, 1338. Because Strike 3 alleges that Defendant resides at an address in this District, and Defendant was served at that same address, the Court may exercise personal jurisdiction over the Defendant. See Am. Compl. ¶¶ 10, 12; dkt. 18.

#### C. Eitel Factors

Having discussed the threshold requirements of service and jurisdiction, the Court next considers the second and third Eitel factors, which are dispositive on this record.

4

The second and third Eitel factors address whether Strike 3's claims against Defendant are adequately pleaded and sufficient to find liability on the facts alleged. To prove copyright infringement, Strike 3 must establish: (1) that it owns a valid copyright and (2) that Defendant copied consistent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Strike 3 alleges that it owns valid copyrights for each of the 35 works Defendant allegedly infringed. See Am. Compl. Ex A. Strike 3 also alleges that its investigation revealed that Defendant used BitTorrent to download, reproduce, and distribute works in question without Strike 3's permission or consent, thereby violating Strike 3's exclusive rights to reproduce, distribute, perform, and display the films in question. See, e.g., id. ¶¶ 4, 6, 53–58. The question is thus whether Strike 3 has alleged enough facts to render plausible the conclusion that Defendant, and no one else using the same IP address, is the alleged infringer.

"Once Strike 3 learns the defendant's identity, it cannot rely on a bare allegation that a defendant is the registered subscriber of an IP address associated with infringing activity to state a plausible claim for direct or contributory copyright infringement." Strike 3 Holdings, LLC v. Andaya, No. 21-cv-00760-VKD, 2021 WL 5123643, at *3 (N.D. Cal. Nov. 4, 2021) (citing Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142, 1144 (9th Cir. 2018)), report and recommendation adopted, 2021 WL 5908421 (N.D. Cal. Dec. 14, 2021). This is because many devices and individuals may use a single IP address. Cobbler Nevada, 901 F.3d at 1145. Thus, "[a] plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." Id.

Two other Strike 3 cases are instructive to illuminate how much "more" is required. In Andaya, for example, Strike 3 put forth evidence showing that: (1) an investigation of Andaya's social media use connected his interests in criminal justice and information technology with other materials downloaded to the same IP address; (2) only a single BitTorrent client was associated with the IP address in question; (3) that IP address was associated with significant BitTorrent activity, and shortly after the subpoena was served, that activity abruptly halted; and (4) after Andaya was served with the complaint and

5

summons, his social media pages were taken down. Andaya, 2021 WL 5123643, at *4. That court found that this showing alleged sufficient facts to render plausible the conclusion that Andaya, and no one else using his IP address, was the infringer in question. Id. In another case captioned Strike 3 Holdings, LLC v. Doe, that one before Judge Van Keulen, Strike 3 marshaled far less evidence to support the inference that the defendant in that case was the infringer in question. Strike 3 alleged only that that defendant "is interested in the television show Curb Your Enthusiasm, the band Tool, rock music, and heavy metal music," and "that the BitTorrent network activity emanating from the IP address identified in the Complaint involved works related to these interests." Strike 3 Holdings, LLC v. Doe, 21-cv-8818, 2022 WL 17178309, at *4 (N.D. Cal. Nov. 23, 2022). But in that case "the record [did] not contain evidence (rather than mere allegations) concerning Strike 3's investigation and how it linked Defendant to the alleged acts of infringement." Id.

    The evidence Strike 3 puts forth in this case is nowhere near as voluminous as the evidence marshaled in Andaya; it is instead similar to the evidence Judge van Keulen held to be insufficient in Doe. ███████████████████████████████████████████████████████████████████████████████████████████████████ Like in Doe, it provides no evidence for these allegations, apart from a general statement that it "conducted a detailed investigation" and "scoured the publicly available social media of the subscriber as well as others whom Plaintiff determined resided with the subscriber and likely had access to the IP address." Bandlow Decl. ¶ 4. ███████████████████████████████████████████████████████████████████████████

    Further, Strike 3 does not even provide evidence, as it did in Andaya, that only one BitTorrent client was associated with the IP address at issue; it is therefore possible that more than one person at the same IP address used BitTorrent, and while Defendant

may have used it to access materials related to ▓▓▓▓▓▓ another person may be the infringer of Strike 3's copyrights. Without evidence arising out of Strike 3's investigation tying the allegations in the sealed complaint to Defendant specifically, the Court cannot conclude that Strike 3 has made out a copyright infringement claim against Defendant.

Because the Court concludes that the second and third Eitel factors are not satisfied on the present record, the Court does not reach the other Eitel factors at this time and denies Strike 3's motion for default judgment.

## IV. CONCLUSION

For the foregoing reasons, Strike 3's motion for default judgment is DENIED, without prejudice to a further motion, provided that Strike 3 submits additional evidence tying Defendant to the alleged acts of infringement at issue.

**IT IS SO ORDERED.**

Dated: January 20, 2023

CHARLES R. BREYER
United States District Judge