IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 69.181.120.247,<br><br>    Defendant. | Case No. 21-cv-08808-CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

On November 12, 2021, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed a complaint against a defendant identified by the IP address 69.181.120.247 ("Defendant"), for copyright infringement. See Compl. (dkt. 1). After identifying Defendant via a subpoena to their internet service provider, Strike 3 filed its first motion for default judgment. See dkt. 28. On January 20, 2023, the Court denied that motion without prejudice to a future motion, "provided that Strike 3 submits additional evidence tying Defendant to the alleged acts of infringement at issue." Strike 3 Holdings, LLC v. Doe, No. 21-CV-08808-CRB, 2023 WL 350398, at *4 (N.D. Cal. Jan. 20, 2023) ("Prior Order"). The instant motion followed.

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court GRANTS Strike 3's motion for default judgment.

## I. BACKGROUND

The Court assumes knowledge of the facts underlying Strike 3's complaint. See Prior Order, 2023 WL 350398, at *1–2.

In support of its first motion for default judgment, Strike 3 put forth the following evidence that Defendant is the infringer: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In its prior order denying Strike 3's first motion for default judgment, the Court held that this evidence did not suffice to state a plausible claim that Defendant was the infringer: "Without evidence arising out of Strike 3's investigation tying the allegations in the sealed complaint to Defendant specifically, the Court cannot conclude that Strike 3 has made out a copyright infringement claim against Defendant." Prior Order, 2023 WL 350398, at *4.

In its declaration in support of its second motion for default judgment, Strike 3 provides additional evidence linking Defendant to the infringement at issue, including: (1) the house is in a rural area, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (2) Defendant is employed as a ▇▇▇▇▇▇▇▇▇▇ (3) after the complaint was served on Defendant, while BitTorrent activity did not cease, BitTorrent activity associated with the works at issue did cease; and (4) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## II. LEGAL STANDARD

"[E]ntry of a default judgment is within the discretion of the court." Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir.

2008).

In determining whether to enter default judgment, the Court examines the "Eitel factors":

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

Because the Court determined that service was adequate and jurisdiction was proper in its prior order, see Prior Order, 2023 WL 350398, at *2–3, the Court addresses the Eitel factors and the relief sought by Strike 3.

#### A. Eitel Factors

With the benefit of Strike 3's supplemental declaration, the Eitel factors weigh in favor of granting default judgment.

As to the second and third factors, which were found to be dispositive in the Court's prior order denying Strike 3's first motion, Strike 3's additional evidence renders plausible its allegation that Defendant is the infringer of their copyright. First, Defendant lives on a rural property ██████████████████████ thus, it is unlikely that someone outside of the household ████████████ is using Defendant's IP address to access BitTorrent. ████████████ Compare, e.g., Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142, 1145–47 (9th Cir. 2018) (holding that the plaintiff had not plausibly alleged that the subscriber was the infringer where the IP address "was accessible to both residents and visitors at an adult care home"), with Strike 3 Holdings, LLC v. Andaya, No. 21-CV-00760-VKD, 2021 WL 5123643 (N.D. Cal. Nov. 4, 2021) (holding that Strike 3 had demonstrated a plausible claim for relief based in part on the fact that Andaya was "the lone male occupant of the home"), report and recommendation adopted, No. 21-CV-00760-LHK, 2021 WL 5908421

1  (N.D. Cal. Dec. 14, 2021).  Second, Defendant is employed as ▮▮▮▮▮▮▮▮▮▮
2  therefore, they are more likely to be a prolific BitTorrent user than, ▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Third, Strike 3
4  discovered that, after Defendant was served, while BitTorrent activity did not cease
5  entirely, no more BitTorrent activity with respect to the 35 works at issue here occurred.
6  See Fernandez Decl. ¶ 15; see also Andaya, 2021 WL 5123643, at *4 (citing with approval
7  the fact that, after the defendant was served, "the substantial BitTorrent activity associated
8  with the subject IP address came to an abrupt and complete halt").  Fourth and finally,
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These additional facts,
13 taken together, suffice to plausibly allege that Defendant is the infringer of Strike 3's
14 copyrights.
15         The other Eitel factors also clearly weigh in favor of default judgment.  First, Strike
16 3 will be prejudiced if default is not entered because Defendant has made use of 35 works
17 owned by Strike 3, without compensation, for two years.  See Fernandez Decl. ¶ 17; see
18 also, e.g., Strike 3 Holdings, LLC v. Lim, No. 21-CV-02485-NC, 2022 WL 3137937, at *2
19 (N.D. Cal. Mar. 31, 2022), report and recommendation adopted sub nom. Strike 3
20 Holdings, LLC v. Doe, No. 5:21-CV-02485-EJD, 2022 WL 3137935 (N.D. Cal. June 27,
21 2022).  Second, as discussed above and in the Court's prior order, see Prior Order, 2023
22 WL 350398, at *3, the facts in the complaint, coupled with the additional evidence Strike 3
23 has submitted, suffice to make out a claim for direct copyright infringement.  Third, the
24 sum at stake, which is $26,250—$750 minimum statutory damages for infringement of
25 each of the 35 works at issue—is reasonable and just.  See, e.g., Andaya, 2021 WL
26 5123643, at *4–5 (same).  Fourth, because Defendant has not appeared and thus "all
27 liability-related allegations are deemed true, there is little possibility of a dispute as to
28 material facts." Id. at *5.  Fifth, because Defendant was personally served with process in

this matter, see dkt. 18, and did not appear or otherwise defend against Strike 3's claims, Defendant's failure to appear was not due to excusable neglect. See, e.g., Strike 3 Holdings, L.L.C. v. Wise, 20-cv-942, 2022 WL 393594, at *2 (C.D. Cal. Feb. 7, 2022) (same). Finally, while "'[c]ases should be decided upon their merits whenever reasonably possible,' [Defendant's] failure to participate in this litigation makes that impossible." Andaya, 2021 WL 5123643, at *5 (quoting Eitel, 782 F.2d at 1472).

Because the Eitel factors weigh in favor of default judgment, the Court addresses whether the relief sought by Strike 3 is reasonable.

### B.  Relief Sought

#### 1.  Permanent Injunctive Relief

Strike 3 asks that the Court permanently enjoin Defendant from:

> directly, contributorily or indirectly infringing Plaintiff's rights under the Copyright Act, 17 U.S.C. § 501, et seq., in the Works identified in Exhibit A of the First Amended Complaint, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff.

Proposed Judgment (dkt. 34-4) ¶ 15(c). Strike 3 also asks that the Court order Defendant to:

> destroy all copies of Plaintiff's Works identified in Exhibit A of the First Amended Complaint, that the Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

Id. ¶ 15(d).[1]

The Copyright Act authorizes courts to issue injunctions to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) remedies

---

[1] Strike 3 does not seek an injunction with respect to any of its other copyrighted works, nor an order to destroy copies of any copyrighted works other than the works cited in the complaint. See Mot. (dkt. 34-1) at 15 n.6; Am. Compl. Ex. A (dkt. 12-1).

available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

"As in numerous other BitTorrent cases . . . the four elements are established here." Strike 3 Holdings, LLC v. Poluk, 20-cv-2146, 2021 WL 5321824, at *5 (E.D. Cal. Nov. 16, 2021) (internal quotation marks and citation omitted), report and recommendation adopted sub nom. Strike 3 Holdings, LLC v. Poluck, 20-cv-2146, 2022 WL 224020 (E.D. Cal. Jan. 25, 2022). First, Strike 3's injury is irreparable, and monetary damages are inadequate. Due to the nature of the BitTorrent network, it is impossible to "trac[e] the extent and magnitude of the damage" attributable to Defendant's illegal use and distribution of the works at issue. Andaya, 2021 WL 5123643, at *6. While Defendant has apparently ceased using BitTorrent with respect to the works in question since they were served in this action, see Fernandez Decl. ¶ 15, there is no indication that Defendant has ceased using it with respect to other copyrighted works nor, indeed, ceased using it with respect to Strike 3's other copyrighted works, indicating that monetary remedies are inadequate to ensure future compliance. See, e.g., Andaya, 2021 WL 5123643, at *6. Second, Defendant will not suffer any hardship because the injunction only "prohibits [them] from illegally downloading and distributing Strike 3's works—i.e., conduct that [they] ha[ve] no right to engage in at all." Id. at *6. Finally, the public interest would not be disserved by a permanent injunction. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, 1222 (C.D. Cal. 2007) ("The public interest in receiving copyrighted content for free is outweighed by the need to incentivize the creation of original works.").

Accordingly, Strike 3 has demonstrated that a permanent injunction is warranted.

### 2. Damages

As discussed above, Strike 3 seeks minimum statutory penalties for each of the 35 works infringed, or $750 each, for a total of $26,250. See Mot. at 15–16; 17 U.S.C.

§ 504(c)(1). The Court finds that Strike 3's request for minimum statutory damages is reasonable. See Andaya, 2021 WL 5123643, at *5.

### 3. Costs[2]

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. Strike 3 requests recovery of the cost of filing and administrative fees totaling $402, and the cost of service, totaling $364.25, for a total award of $766.25. Mot. at 16; Bandlow Decl. (dkt. 34-2) ¶ 17. These costs are reasonable. See, e.g., Andaya, 2021 WL 5123643, at *5.

## IV. CONCLUSION

For the foregoing reasons, Strike 3's motion for default judgment is GRANTED. The Court orders the following:

Defendant shall pay to Strike 3 $26,250 in statutory damages and $766.25 in costs, for a total of $27,016.25. Defendant shall pay to Strike 3 post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961, as of the date of this order until the satisfaction of the judgment.

Defendant is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under the Copyright Act, 17 U.S.C. § 501, et seq., in the Works identified in Exhibit A of the First Amended Complaint, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) and/or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority of Strike 3.

Defendant shall destroy all copies of Strike 3's Works identified in Exhibit A of the First Amended Complaint that Defendant has downloaded onto any computer hard drive or server without Strike 3's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant's possession, custody, or

---

[2] Strike 3 does not request attorneys' fees. See Mot. at 16; Bandlow Decl. ¶ 18.

7

control.

The Court retains jurisdiction over this action for six months or until the judgment is satisfied, to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this order.³

**IT IS SO ORDERED.**

Dated: April 26, 2023



CHARLES R. BREYER
United States District Judge

---

³ Although Strike 3 has not requested that the Court unseal the true name of Defendant in this matter, because Defendant has not appeared, they have not articulated "compelling reasons" to retain their anonymity. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). If Defendant does not file a motion seeking leave to remain anonymous within 15 days, all documents filed under seal in this case will be unsealed and the docket will be updated to reflect Defendant's name.